(39 Misc. Rep. 85.)

### COLEMAN v. ROBERT GRAVES CO. (two cases).

(Supreme Court, Trial Term, Kings County. October, 1902.)

1. NEGLIGENCE—INJURY TO TRESPASSER—DANGEROUS PREMISES.

    The dress of a child nine years old was set on fire while she was poking in some hot ashes, trying to find pieces of brass. The fire had been lighted by an employé of defendant in a vacant lot in the proper conduct of its business. *Held*, that defendant owed the child no duty requiring it to exercise active vigilance to prevent such an injury.

Actions by Annie Coleman, by her guardian, against the Robert Graves Company, and by George Coleman against the same defendant. Verdicts for defendant. Motion for new trial. Denied.

Achille J. Oishei and John Mitchell (Nelson L. Keach, of counsel), for plaintiff.

Pearsall, Kapper & Pearsall, for defendant.

NASH, J. The case here cannot be distinguished in principle from Walsh v. Railroad Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724,

45 Am. St. Rep. 615.   There a turntable was located upon the premises of the defendant in an open space in the city of Troy, where pedestrians were in the habit, without any special consent or objection of the defendant, of passing over this space near the turntable in going from one point or street in the city to another.   It was also in proof that children were in the habit of playing upon the turntable, some riding upon it while others revolved or turned it by getting into the pit in which it was located and pushing it around.   The plaintiff, a child of five years of age, was injured while playing and riding upon the turntable with other children.   It was held by the supreme court that, if a defendant erects and maintains upon his own land, for his own use, a structure capable of inflicting injury to persons, and by its appearance and operation calculated to attract or allure children non sui juris, and to endanger their life or limbs, and leaves the same unguarded, and injury results therefrom to such children without fault or negligence of their parents or guardians, it is negligence on the part of the defendant, for which a recovery may be had.   78 Hun, 1, 28 N. Y. Supp. 1097.   In reversing the judgment of the court below, Judge Peckham, delivering the opinion of the court, said that the defendant had not been shown guilty of a violation of its duty, nor had a question been made for the jury in that respect by proof that it used the turntable in the manner it did; that some means might have been adopted which possibly might have prevented the happening of the accident; that the table might have been kept so fastened or locked, when not in use, that people could not turn it without unfastening or unlocking it.   Continuing, the learned judge said:

"But was defendant bound to do so? Did it owe any such duty to the public or to this plaintiff? The turntable was on its own land. It was used by the defendant for the sole purpose of properly conducting its own business. It was a fit and proper machine for that purpose. It was not of the nature of a trap for the unwary. It was not built in any improper or negligent way with reference to the transaction of the business of the defendant. What further duty did it owe to those who had no business upon its land, who came there unasked, and whose presence was simply tolerated? Upon the question of alluring plaintiff, we do not think it can be correctly said defendant either enticed or allured him to come upon its land. The whole case in this respect rests upon the doctrine that the turntable was, as to children of tender years, a dangerous, and at the same time an enticing, machine; one which, when seen, would inevitably and infallibly allure children to come upon it for the purpose of playing upon it; and that the natural and probable result of such play would be the injury of the child. Under such circumstances it is claimed that a person owning such a machine, although it be used on his own land, is bound to exercise extra vigilance for the purpose of preventing injury to children who come upon the defendant's land allured by the machine and ignorant of its dangers. We do not think the facts of this case bring it within any such principle."

And that was the decision of the court.   The case here differs from that in no material aspect.   The burning of the chips or shavings thrown out from the defendant's factory, it must be assumed, was done for the purpose of properly conducting its business.   While it might be apprehended that children playing upon the vacant lot of the defendant would play around the fire, and even play with the fire, and, as urged on behalf of the plaintiff, be enticed to search in

the hot ashes for the pieces of brass, the setting fire to a pile of shavings on the lot was not in the nature of a trap for the unwary. A child of nine years knows that fire will burn. The little girl, as she says, was aware of this. There was fire in the ashes, and she used a stick. She did not think her dress would take fire; neither would the defendant's employé who threw out the chips and set fire to them. The accident which overtook this child is extraordinary; one which, in the exercise of reasonable forethought, would not have been apprehended. But it is not necessary to place the decision upon that ground. The defendant here, under the circumstances, within the principle held in Walsh v. Railroad Co., owed no duty to the plaintiff requiring active vigilance to prevent the occurrence of such an accident.

Motion denied.