COLEMAN v. ROBERT GRAVES CO. (two cases).

(Supreme Court, Appellate Division, Second Department. October 14, 1904.)

1. NONSUIT—EVIDENCE—INFERENCES.

A party nonsuited is entitled to the most favorable inferences which a jury might have drawn from the evidence.

2. DANGEROUS PREMISES—NEGLIGENCE—PERSONAL INJURY—THEORY OF RECOVERY.

Where, in an action for injuries occasioned by negligently burning rubbish on vacant lots where children were accustomed to play, a recovery was sought on the theory that defendant setting the fire was the owner of the premises, plaintiff was not entitled to a recovery on the theory that defendant was not the owner of the premises merely because the answer denied ownership, such allegation not being new matter, but a mere denial of plaintiff's allegation, and putting the burden on him of proving ownership.

Appeals from Trial Term, Kings County.

Actions by Annie Coleman, by her guardian ad litem, George Coleman, against the Robert Graves Company, and by George Coleman against the same defendant. From orders dismissing the complaints at the close of plaintiffs' cases, and from orders denying motions for new trials on the minutes, plaintiffs appeal. Affirmed.

See 78 N. Y. Supp. 893.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Abram H. Dailey (James D. Bell, on the brief), for appellants.

Thomas E. Pearsall (Isaac M. Kapper, on the brief), for respondent.

WOODWARD, J. Annie Coleman, an infant, by her guardian, and George Coleman, father of Annie Coleman, bring actions to recover damages for the injury to Annie Coleman, alleged to have been due to the negligence of the defendant, acting through its agents or employés, in burning up rubbish on its premises. The infant plaintiff, a girl something over nine years of age, was seriously burned by reason of coming in contact with the fire while overhauling the embers for the purpose of picking out brass from the pile, and both complaints were dismissed, and motions for new trials denied, upon the authority of Walsh v. Fitchburg R. R. Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am. St. Rep. 615. The plaintiffs appeal.

¶ 1. See Appeal and Error, vol. 3, Cent. Dig. § 3748.

Upon this appeal the plaintiffs urge that, as they were nonsuited, they are entitled to the most favorable inferences which a jury might properly have drawn from the evidence—a proposition well supported by authority. Upon this basis it is insisted that, the defendant having denied that it was the owner of the premises where the accident occurred, the cases do not come within the rule established in Walsh v. Fitchburg R. R. Co., supra. We are of opinion, however, that this proposition is essentially unsound. A plaintiff cannot be permitted to "blow hot and cold," to quote the language of Lord Kenyon, with reference to the same transaction. Broom's Legal Maxims (4th Ed.) 140. The complaint alleged that "the said defendant is the owner of certain premises in said borough of Brooklyn, city of New York, consisting of a factory and vacant lots adjoining the same, situated between Thirty-Fourth and Thirty-Fifth streets, and has in its employ mechanics, firemen, engineers, laborers, superintendents, etc., for the carrying on of said business." The theory of the plaintiffs' case was that the defendant was negligent in lighting a fire upon its own premises in the vacant lots, where children had been permitted to play, without guarding the same against approach by such children. The defendant, answering, admitted that it was a domestic corporation engaged in the manufacture of wall paper, "and that its factory is situated upon premises owned by it between Thirty-Fourth and Thirty-Fifth streets, in the borough of Brooklyn," and denied all of the other allegations of the complaint. It would require a very technical construction, and one not warranted by modern rules, to make this answer deny the ownership of the premises where the fire was kindled. The fair construction of the pleading is that, while the defendant admitted ownership of the premises pointed out by the complaint, it denied all of the allegations in reference to the kindling of the fire, negligence, etc. But assuming that the answer denies ownership in the premises, how can this benefit the plaintiffs? This is not new matter. It is merely a denial of an allegation of the complaint, and puts the burden of proving the alleged ownership of the premises upon the plaintiffs. It does not establish that the defendant does not own the premises, or that it is not in lawful possession of the same, and entitled to use them for its own purposes; nor does it open the way to the plaintiffs to establish the facts contrary to the allegations of their complaints. The plaintiffs must recover, if at all, upon the theory of their complaints, unless the same are amended; and there was no suggestion of amendment at any stage of the case. To say that one may go to trial upon one theory and prevail on appeal upon another is a doctrine so dangerous to sound jurisprudence that it can find no sanction in this court, and we find no occasion for adding further to the opinion of the learned justice presiding at the trial.

The judgment and order in each case should be affirmed.

Judgments and orders affirmed, with costs in one case. All concur.