possibly be made. If believed it might render him not only homeless, but penniless. In the case of Byam v. Collins, 111 N. Y. 144, 19 N. E. 75, 2 L. R. A. 129, 7 Am. St. Rep. 726, it is clearly pointed out under what conditions and circumstances a communication of this character may be held as matter of law to be privileged. In that case, it is shown that the essential element to support the claim of privilege is good faith, and that good faith can only be established by proving that ordinary care and prudence were exercised by the person making the charges, to ascertain whether they were true or false.

In the case at bar, upon the evidence contained in the record, the jury would have been justified in finding that the defendant, through its agents or otherwise, made no effort to ascertain whether or not the charges were true or false. They were wholly false, as the slightest investigation would have disclosed.

For the reasons above indicated we conclude that the order appealed from should be affirmed, but without costs.

Order affirmed, without costs of this appeal in favor of either party. All concur; WILLIAMS and HISCOCK, JJ., in result only.

---

(110 App. Div. 7)

KANE v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department. December 29, 1905.)

NEGLIGENCE—DANGEROUS PREMISES—INJURY TO CHILDREN.

A landowner was not responsible for injuries to a child, owing to a fall of a pile of stones on the land, the pile having been knocked down by children at play, and they not having been invited on the premises, where there was nothing in the appearance of the pile to indicate that it was likely to prove dangerous.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 33, 34.]

Appeal from Trial Term, Rockland County.

Action by Thomas E. Kane, an infant, by Thomas H. Kane, his guardian ad litem, against the Erie Railroad Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before BARTLETT, WOODWARD, HOOKER, RICH, and MILLER, JJ.

Henry Bacon (Joseph Merritt, on the brief), for appellant.
A. S. Tompkins, for respondent.

WILLARD BARTLETT, J. The respondent, a lad then about 7 years of age, was injured in the village of Nyack on the 18th day of April, 1903, by the fall of a portion of a pile of curbstones upon which he was playing tag with other youthful companions. The pile of stones was situated partly upon a highway and partly upon land belonging to the appellant railroad company. The appellant has been held liable for the injuries sustained by the respondent, upon the ground that it did not exercise reasonable care and prudence in permitting the pile of stones to remain upon its land in the condition in which it was at the

time of the accident. I am unable to find sufficient evidence in the record to warrant a finding against the railroad company in this respect. Under the circumstances disclosed by the proof, I think the case falls within the doctrine of Walsh v. Fitchburg Railroad Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am. St. Rep. 615, and that the appellant is not shown to have neglected any duty which it owed to the plaintiff, who came upon its land without any express or implied invitation so to do.

It appears that the stones were unloaded at Nyack from one of the appellant's cars under the direction of the consignees, a firm known as Gregory & Sherman, about the 18th day of July, 1902, and subsequently, as stones were sold from the pile, they were removed from time to time under the supervision of the foreman of the firm. The agent of the railroad company at Nyack was aware that the pile of stones was there, but further than this there is nothing to show that the defendant had any notice that the condition of the pile was such as to be likely to occasion injury to any one. Nor, indeed, is there any proof that the appearance of the pile ever indicated the likelihood of such an accident as in fact occurred. It is stated in the brief of counsel for the respondent that at least one witness, namely, John J. Phillips, testified that for some days prior to the accident the pile of stones was in a dangerous condition and likely to fall, and that no measures were taken, either by his firm or by the defendant company, to render the same safe. A careful reading of the testimony of this witness, however, as set out in the appeal book, hardly warrants this view of it. Mr. Phillips does say that he noticed the pile of stones every day before the accident, and that for several days before the accident the pile was not in such a safe condition as when he left it the last time; the frost having caused the stones to heave a little toward the Sound. He adds, however:

"I don't think the stones would have slid down, unless somebody had interfered with them. I did not do anything to change that condition. I didn't go near them. I didn't have any occasion to. They moved such a little I thought there was no danger."

Again he says:

"I think that in the condition they then were, in that safe condition, a little six-year-old boy could not alone cause them to fall down. I could not decide whether two six-year-old boys could cause them to fall down or move them. * * * I have testified in answer to Mr. Bacon that, after I saw that they had shifted by reason of the action of the frost, I didn't do anything, because I thought they were still safe."

It seems to me that it would be going too far to hold that a landowner is responsible for the consequences of the fall of a pile of stones knocked down by the antics of a number of boys, on private premises which they had entered without invitation, simply because such owner has allowed the pile of stones to remain there without there being anything in its appearance to indicate that it was likely to prove dangerous, even to trespassers.

It seems to me that we ought to reverse this judgment.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.