(70 Misc. Rep. 553.)

ZIEGLER v. FRIEDMAN & GORDON IRON WORKS (two cases).

(Supreme Court, Appellate Term.  February 9, 1911.)

1. NEGLIGENCE (§ 23*)—DANGEROUS PREMISES—ACCIDENTS TO CHILDREN—CARE REQUIRED.

Plaintiff, a boy nine years old, while playing, jumped on a window sill in front of defendant's premises, and in attempting to jump down fell on a machine and started it, whereby he was injured.  The evidence indicated that the machine was on a platform partially surrounded by a railing and had been in that position for 30 years.  *Held*, that plaintiff was not entitled to recover, under the doctrine that the machine was an allurement or inherently dangerous, and that, since defendant was guilty of no active, wanton, or willful negligence, it was not liable.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 33; Dec. Dig. § 23.*]

2. APPEAL AND ERROR (§ 237*)—OBJECTIONS IN LOWER COURT—MOTION TO DISMISS—NECESSITY.

A judgment for plaintiff in an action for injuries will be reversed on appeal, though there was no motion to dismiss, if the evidence was insufficient to establish a cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 237.*]

3. APPEAL AND ERROR (§ 179*)—MOTION TO DISMISS—QUESTIONS RAISED AT TRIAL—SCOPE.

Where, in an action for injuries, defendant at the trial moved to dismiss on the ground that plaintiff was guilty of contributory negligence, and that the proximate cause of the injury was plaintiff's jumping on a steel-punching machine, and not the turning of the lever by such act, whereby he was injured, such motion was sufficient to raise the question of defendant's negligence for review on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 179.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Actions by Andrew Ziegler, Jr., by Andrew Ziegler, his guardian ad litem, and by Andrew Ziegler against the Friedman & Gordon Iron Works.  Judgments for plaintiffs, and defendant appeals.  Reversed.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Emil P. Korkus, for appellant.

Robson & Simpson (Ely Simpson and Maxwell E. Robson, of counsel), for respondents.

LEHMAN, J.  A boy nine years of age, in his second year at school, was playing "iron tag" with some companions on the street.  He jumped upon a window sill in the front of defendant's premises.  In attempting to jump down from the window he fell and struck a machine owned by the defendant, which was situated upon a platform in front of the premises.  The machine was used ordinarily by defendant's workmen for punching holes in iron girders.  Apparently, when in use, the machine extended partly over the street; but the accident occurred at 7 p. m., when no work was being done on the premises, and the workmen had left the machine wholly upon the

platform. In falling the boy struck or kicked the lever, and his leg was injured by the falling of the punch. There was no very substantial conflict of evidence, and the trial justice gave judgment for the plaintiff in two actions, brought, respectively, by the boy and his father.

The theory of the complaints in both actions is that the defendant was negligent in keeping upon a "public thoroughfare a heavy machine of a dangerous character, * * * and that the said machine was unguarded and unprotected by fence or other barrier in a negligent and careless manner." If there were evidence that would sustain the allegation that the machine was in a public thoroughfare, then I think there would be little doubt that under all the circumstances of the case the trial justice could well have found that the defendant was negligent. I have failed, however, to discover any evidence in the record that the machine was kept in the street. On the contrary, we find that the platform upon which the machine was placed was nine inches high, partially surrounded by a railing, and had been in its present position and unchanged for 30 years. While the evidence is not conclusive, it is fairly inferable that the platform was upon the defendant's premises. To sustain the judgment we must therefore find some other theory upon which actionable negligence on the part of the defendant may be predicated.

The facts are somewhat similar to those existing in the line of cases commonly called the "turntable cases," where children have been injured while playing in railroad yards. In Railroad Company v. Stout, 17 Wall. 657, 21 L. Ed. 745, the Supreme Court of the United States sustained rather reluctantly a recovery based upon an injury to a boy while playing upon a turntable which was not locked by the railroad company, owing to a broken latch. "When it was proved to the jury that several boys from the hamlet were at play there on this occasion, and they had been at play upon the turntable on other occasions, and within the observation and to the knowledge of the employés of the defendant, the jury were justified in believing that children would probably resort to it, and that the defendant should have anticipated that such would be the case." That decision has been followed in many jurisdictions, and if it had not been expressly repudiated by the Court of Appeals of this state I should be willing to concur in an affirmance of this judgment. In Walsh v. Fitchburg R. Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am. St. Rep. 615, however, the Court of Appeals expressly refused to follow this decision. In that case a child of five was injured while playing upon an unlocked turntable, and the court, per Peckham, J., said:

"Upon the question of alluring plaintiff, we do not think it can be correctly said defendant either enticed or allured him to come upon its land. The whole case in this aspect rests upon the doctrine that the turntable was, as to children of tender years, a dangerous and at the same time an enticing machine, one which, when seen, would inevitably and infallibly allure children to come upon it for the purpose of playing upon it, and that the natural and probable result of such play would be the injury of the child. Under such circumstances it is claimed that a person owning such a machine, although it be used on his own land, is bound to exercise extra vigilance for the purpose of preventing injury to children who come upon the defendant's

land, allured by the machine and ignorant of its danger. We do not think the facts of this case bring it within any such principle. The leading case in this country, and one which undoubtedly sustains the plaintiff's contention that it is a case for the jury, is that of R. R. Co. v. Stout, 17 Wall. 657 [21 L. Ed. 745]. That case has been followed in many states—in Missouri (Koons v. Railroad Co., 65 Mo. 592), in Kansas (Railway Co. v. Fitzsimmons, 22 Kan. 686, 31 Am. Rep. 203, reporter's note at page 206), in California (Barrett v. So. Pacific Co., 91 Cal. 296 [27 Pac. 666, 25 Am. St. Rep. 186]), and in some other states. The contrary principle has been announced and held in Daniels v. Railroad Co., 154 Mass. 349 [28 N. E. 283, 13 L. R. A. 248, 26 Am. St. Rep. 253], and Frost v. Eastern R. R. Co., 64 N. H. 220 [9 Atl. 790, 10 Am. St. Rep. 396]. We think the better rule is laid down in the two cases last cited. We do not assert that the defendant owed no duty to the plaintiff under the circumstances existing; but we think it did not owe the duty of such active vigilance as would be necessary to exist in order to send the case to the jury and permit it to find the defendant guilty of negligence in this case." Walsh v. Fitchburg R. R. Co., supra, 145 N. Y. 307, 39 N. E. 1070, 27 L. R. A. 724, 45 Am. St. Rep. 615.

This case has been frequently cited by the appellate courts, and its authority has never been questioned. To sustain the judgment we must therefore find some points so distinguishing this case that, in spite of its authority, we can say that the facts presented here are sufficient to permit a jury to find the defendant guilty of negligence. The machine in this case was not more alluring than a turntable; in fact, there is no evidence of any allurement, except that it was a machine. The boy was not, according to his story, even playing with or on the machine. It did not attract him there, but, according to the theory of the complaint, was merely an obstruction to his play. There is no proof that it was inherently dangerous, or was in the nature of a trap for children. Apparently the punch would only fall if the lever was pushed or kicked. Under such circumstances there is no liability for merely passive negligence. Beetz v. City of Brooklyn, 10 App. Div. 382, 41 N. Y. Supp. 1009; Kelly v. Hudson Cos., 65 Misc. Rep. 574, 120 N. Y. Supp. 768. "The negligence, if any, was negative or passive in its character, which constitutes a clear distinction recognized in the authorities." Wilson v. American Bridge Co., 74 App. Div. 596, at page 600, 77 N. Y. Supp. 820, 823.

In the case of Kane v. Erie Railroad Co., 110 App. Div. 7, at page 9, 96 N. Y. Supp. 810, 811, some stones partly on the street and partly on defendant's premises fell and injured a boy playing on defendant's land. The court, per Willard Bartlett, J., there said:

"It seems to me that it would be going too far to hold that a landowner is responsible for the consequences of the fall of a pile of stones knocked down by the antics of a number of boys, on private premises which they have entered without invitation, simply because such owner has allowed the pile of stones to remain there without there being anything in its appearance to indicate that it was likely to prove dangerous even to trespassers."

Since the defendant did not entice the children there, it was liable only for its active, wanton, or willful negligence. Albert v. City of New York, 75 App. Div. 553, 78 N. Y. Supp. 355. The trial justice should therefore have dismissed the complaint, and, even though no motion to dismiss had been made, we should reverse a judgment against the defendant, without regard to this "technical defect." In

this case, however, the defendant did move to dismiss, on the ground that the plaintiff was guilty of contributory negligence, and that the proximate cause of the injury was the jumping of the boy, and not the turning of the lever. I consider that this request was sufficient to raise the question on appeal.

Judgments should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.