Hanse *v.* Cowing.

---

CHARLES HANSE, Appellant, *v.* CALEB COWING, Respondent.

(GENERAL TERM, SEVENTH DISTRICT, JUNE, 1869.)

Upon the trial of an action to recover damages for continuing a nuisance, the plaintiff gave in evidence the judgment roll of a judgment in his favor, against the defendant, which was shown to have been rendered upon the allegation and proof, that defendant had caused the nuisance by erecting an embankment on his own premises.—*Held*, defendant was not precluded from showing, that he had parted with the possession and ownership of the premises, previously to the commencement of the action in which such judgment had been rendered.

To charge one who has created a nuisance, with liability for its continuance, after he has parted with the property upon which it is situated or caused, he must be shown to derive some benefit from the continuance; or to have sold with warranty of the continued use of the property, as enjoyed while the nuisance existed.

And it seems, in the latter case, a continued enjoyment of the nuisance, or of that which creates it, must be warranted.

THIS action was commenced before a justice of the peace; on appeal, a retrial was had in the County Court of Yates county, without a jury, where a judgment was rendered for the defendant, from which the plaintiff appealed to this court.

The plaintiff complained that the defendant, on the 1st day of June, 1862, had wrongfully built a dam or embankment,

Hanse *v.* Cowing.

whereby the water flowing from the plaintiff's land along the highway had been prevented from running in its natural course, and had been caused to flow on the plaintiff's land, where it remained, to the injury of such land and the crops thereupon.   The answer contained a general denial, and averred a former judgment in bar of the action.

Upon the trial, the plaintiff gave in evidence the judgment roll of a judgment, recovered by the plaintiff against the defendant, in the County Court of Yates county, upon a retrial before said court and a jury, on appeal from a Justice's Court, and upon a complaint which prayed damages for several distinct injuries to the plaintiff's property, and also, for that the defendant had, in the summer of 1861, caused a dam or embankment to be built upon his own property, causing the water to flow upon the plaintiff's land and injuring his grain.

The defendant objected to the admission of the roll, for the reason "that the verdict of the jury was general, and it did not appear, on which causes of action set forth in the complaint the jury had rendered it."   The court received the evidence and defendant excepted.

Evidence was also given by the plaintiff, showing the questions litigated in the said prior suit, and that all the allegations in the complaint in said suit were litigated on the trial, and were submitted to the jury.  He also gave evidence to show that the embankment mentioned in the complaint in said former action, had remained as before up to the commencement of this action, and that water flowed from the same, injuring his property as before that action.

Plaintiff also gave in evidence a deed from the defendant and wife and one Caleb C. Gardiner and wife to one John I. Rapalee, which conveyed a farm of 135 acres of land, including the premises upon which the embankment was erected, which deed contained a covenant of warranty in the usual form, and was dated April, 1863.

The defendant gave in evidence a deed from himself to said Caleb C. Gardiner, his adopted son, dated on the 14th June,

1859, conveying sixty-three acres, part of the farm of 135 acres, and being the premises on which said embankment had been made. The plaintiff objected to the introduction of the deed, as being evidence of a transaction occurring before the trial of the action in which judgment had been previously rendered, claiming that defendant was estopped from showing acts prior thereto to exonerate himself from liability, and excepted to the decision of the court, receiving the evidence.

Defendant also gave evidence showing that he had joined in the re-conveyance of the sixty-three acres previously conveyed to Gardiner, because Rapalee, the grantee, was to receive a conveyance of Gardiner's part of the farm as well as his own, and one conveyance was executed to save expense. He also proved that Gardiner, after the conveyance to him, had gone into possession, and retained possession until the conveyance to Rapalee, who took possession, and held until he conveyed to one Baskin, who had been in possession since 1865. Plaintiff objected to this evidence as tending to open the litigation in the former suit; and excepted to the decision of the court admitting it.

The county judge ruled and decided " that upon the trial of the said former suit, evidence was given upon each of the allegations of the complaint; and that each was litigated upon the trial, and all were submitted to the jury," who had rendered a general verdict thereon.

He also found that since the commencement of the former action the plaintiff had sustained damages and injury to his freehold and the crops growing thereon, by reason of the embankment, to the amount of twenty-five dollars, but that the plaintiff had no cause of action therefor.

*Franklin* and *Morris*, for the appellant.

*E. C. Breman*, for the respondent.

Present—E. D. SMITH, DWIGHT and JOHNSON, JJ.

By the Court—E. DARWIN SMITH, J. The chief question presented in this case is whether the plaintiff, having recovered

Hanse *v.* Cowing.

in a former action for the erection of the dam or embankment in question, can maintain a second action against the defendant for a continuance of the nuisance.

The county judge correctly held that the record of the former judgment concluded the defendant, as to who erected the dam, and as to whether its erection was lawful or otherwise, and that for the purpose of the trial the said record was conclusive evidence that the defendant erected the dam, and that its erection as against the rights of the plaintiff, was unlawful.

The questions whether the defendant continued such dam after the recovery in such former suit, and if so what damages were thereby occasioned to the plaintiff, were new and open questions.

Upon the question of fact found by the county judge, I think he decided correctly that the defendant was not liable for the continuance of such dam after such recovery in the former suit. He finds that the former action was commenced June 25th, 1862; that the trial before this justice was on the 6th of October, 1862, and in the County Court in December, 1866; and that a general verdict was found for the plaintiff for thirty-five dollars damages before the justice, and of the same amount in the County Court, upon which judgment was afterward duly rendered. He further finds that on the 14th day of June, 1859, the defendant then being the owner of 135 acres of land upon which he then resided, on that day conveyed to his adopted son, Caleb G. Gardiner, about sixty-three acres thereof, and being that portion of the defendant's farm upon which he afterward erected said embankment; and that the said Gardiner soon thereafter went into possession thereof, and so remained until about the 23d day of April, 1863, when the defendant and his wife and the said Gardiner conveyed the whole 135 acres to one Rapalee, which deed contained the usual covenants of warranty; that all the parties united in the same deed under advice of counsel to save the expense of two deeds.

Hanse *v.* Cowing.

That said Rapalee went into immediate possession and so remained in possession until April 1st, 1865, when he sold and conveyed the said premises to one John Baskin, who thereupon entered into possession thereof, and has since continued to remain in possession.

Upon this finding, it appears, notwithstanding the recovery against the defendant for the erection of such dam, and the damages occasioned thereby, that, at the time of such recovery the defendant was not, in fact, the owner of the premises on which such dam was erected, nor was he, in fact, in the possession of such premises.

The deed to Gardiner, and the proof showing these facts, were, I think, properly received in evidence. The deed was not received to overreach, and could not overreach or affect the former recovery, or impair its conclusiveness as to the facts involved in such recovery; but it was admissible to show that the defendant was not liable for a continuance of such nuisance after the commencement of such action for such recovery and judgment related to that time. (Sedgwick on Damages, 108; *Cole* v. *Sprowl*, 35 Maine, 161; *Blunt* v. *McCormick*, 3 Denio, 283.)

The continuance of a nuisance is a new nuisance, and gives a new right of action. (10 Mass., 74, *Staple* v. *Spring*.) The plaintiff clearly could not recover a second judgment for the erection of such dam and for all the damages consequent thereupon, and embraced or recoverable in the former judgment. He was bound to show a continuance of such nuisance, and damages after the commencement of such former suit, as held by the county judge in allowing the plaintiff to amend his complaint for that purpose. The new right of action therefore arose after the defendant had parted with the title and possession of the premises on which said dam was erected. The finding of the county judge clearly shows that the defendant had no title to said premises at the time of such former recovery, or possession; while he cannot escape the said former judgment and all the consequences resulting from its recovery, he can resist the recovery of a second judgment,

which can only be maintained for a continuance of said nuisance, by showing that he was not responsible for such continuance or new nuisance, and did not, in fact, continue such nuisance, or create any new nuisance.

The general proposition is undoubted, that one who creates a nuisance is liable for its continuance as for a new nuisance, so long as it continues, but the proposition is not unqualifiedly true. To remain liable, he must, in fact, own or possess the premises on which the nuisance is erected, or must derive some benefit from its continuance.

Judge Bronson, I think, states the rule correctly in the case of the *Mayor of Albany* v. *Cunliff* (2 Comstock, 174), as follows: " A party who has erected a nuisance, will sometimes be answerable for its continuance after he has parted with the possession of the land; but it is only when he continues to derive a benefit from the nuisance, as by demising the premises, and receiving rent (*Roswell* v. *Prior*, 2 Salk, 460; 1 Ld Ray, 713, S. C.; *Blunt* v. *Aikin*, 15 Wend., 522); or where he conveys the property with covenants for the continuance of the nuisance. (*Waggoner* v. *Jermaine*, 3 Denio, 306.)"

This was in the Court of Appeals, and Judge Bronson had participated in the decision in the Supreme Court of the cases of *Blunt* v. *Aikin* (15 Wend., 522); *Fish* v. *Dodge* (4 Denio, 311) and *Waggoner* v. *Jermaine*, (3 id., 312) and as he cites *Blunt* v. *Aikin*, he clearly did not consider it overruled by *Waggoner* v. *Jermaine*; and in this same case of the *Mayor of Albany* v. *Cunliff*, Judge Strong says: " The case of *Blunt* v. *Aikin* was not overruled, nor its authority shaken by the subsequent decision of the same court in *Waggoner* v. *Jermaine*." He said "that the latter case held that the creator of a nuisance who had sold the property on which it was situated, with a warranty for the continued enjoyment of it as used at the time, was responsible for damages sustained subsequent to his conveyance." With that modification, the doctrine of *Blunt* v. *Aikin* must be deemed still the law, and virtually affirmed by the Court of Appeals in this case of the *Mayor of Albany* v. *Cunliff, supra.*

In *Blunt* v. *Aikin*, it was held that the defendant was not liable for the damages caused by the erection of a dam, which were sustained after he had left the possession of the premises and others had assumed it. In this case the dam or bank was not of itself a nuisance. It was in the highway, and turned the water flowing in the ditch, on the side of the highway, back upon the plaintiff's land. This action is brought for injuries resulting from the continuance of said dam after the commencement of the former suit. The proof given to sustain the action shows that the water flowed back upon the plaintiff's land, first after the commencement of the former suit in September or October, 1862, and in January, February and April, in 1863, and afterward more or less.

As it clearly appears that the defendant was not then the owner of the land upon which the dam was erected, or in possession when the plaintiff's right of action, for this injury caused by said back flow of water, arose, he clearly was not liable in this action for damages for such injuries within the said case of *Blunt* v. *Aikin*. His joining in the deed with Gardiner to Rapalee does not, I think, affect the question. He had previously granted the sixty-three acres to Gardiner, and had no interest in the land to convey at that time; and though the deed to Rapalee contained the usual covenant of warranty, the giving of such deed, under the circumstances, does not affect the question or bring the case within the rule of *Waggoner* v. *Jermaine*, as interpreted by Judge STRONG in the *Mayor of Albany* v. *Cunliff* (181), which is the sensible view of that case, and the only sound view or interpretation of it, in my opinion. The deed to bind the party who erects the nuisance should warrant the continued enjoyment of the nuisance itself, or what creates the nuisance as used at the time.

This case is not within the spirit or intent of the decision of *Waggoner* v. *Jermaine*.

The judgment of the County Court, I think, should be affirmed.

Judgment affirmed.