WHITE *et al.* v. MANHATTAN RY. CO. *et al.*

(*Supreme Court, General Term, First Department.* March 31, 1892.)

1. LICENSE—REVOCATION—ELEVATED RAILWAYS.
    By an instrument in writing, not under seal, and for which no consideration was shown, owners of land bounded on certain streets gave "consent to the construction and operation of an elevated railroad over and through and along such streets," by a designated company, which, with others, thereafter constructed and operated such railroad. *Held,* that such consent was a license, revocable at will, and was revoked by a subsequent conveyance of the property by the owners, and the bringing of an action by devisees of the grantee to restrain said companies from maintaining and operating the railroad, to the injury of plaintiffs' easements in such streets.

2. APPEAL—HARMLESS ERROR—EVIDENCE—TRIAL BY THE COURT.
    The improper admission of expert testimony, on a trial by the court, is not ground for reversal, unless it affected the final disposition of the case.

Appeal from special term, New York county.

Action by Anna B. White and Anna B. Haulenbeck against the Manhattan Railway Company and others to restrain defendants from maintaining or operating an elevated railroad in the street in front of plaintiff's premises, and for past damages. Defendants appeal from a judgment for plaintiffs entered upon trial by the court without a jury. . Affirmed.

At the trial defendants gave in evidence an instrument in writing, signed in the firm name of W. N. Seymour & Co., a copartnership, under which plaintiffs claimed title to the premises affected, as follows:

"We, the undersigned, owners of land bounded on Chatham square, east side, between Roosevelt and East Broadway, hereby respectively consent to the construction and operation of an elevated railroad over, through, and along said street, the said railway to be constructed and operated by either the New York Elevated Railroad Company, or a company to be organized under chapter 606 of the Laws of 1875.

"*Dated New York, October*, 1875.

| | |
|---|---:|
| Street number, | 4 |
| Ward number, | 781 |
| Feet front, | 34.4 |
| Owners, | Seymour & Co. |
| Residence, | Flushing |
| Valuation, | $20,000 |
| [Signature] | "W. N. SEYMOUR & CO." |

Argued before LAWRENCE and O'BRIEN, JJ.

*Davies & Rapallo, (Julien T. Davies* and *J. C. Thomson,* of counsel,) for appellants. *Leo C. Dessar, (Joseph B. Riley,* of counsel,) for respondents.

LAWRENCE, J. It is quite apparent, from the evidence in this case, that the plaintiffs' property and easements have been greatly damaged by the erection of the structures of the defendants. It is insisted, however, that under the consent which was signed by W. N. Seymour & Co., or rather by one of the members of that firm with the firm's name, all right to any compensation for the impairment of the easements attached to the property described in the complaint was waived and lost. To that proposition we do not accede. We regard the consent which was given by one of the members of the firm in question as being merely a license, revocable at will, and that the copartners, by the sale of the property to the plaintiffs' testator, and the plaintiffs by bringing this action, signified their intention to revoke it. See *Wiseman* v. *Lucksinger,* 84 N. Y. 31; *Murdock* v. *Railroad Co.,* 73 N. Y. 579; *Fargis* v. *Walton,* 107 N. Y. 399, 14 N. E. Rep. 303. It may also well be doubted whether Mr. Brush, the partner, who signed the memorandum with the partnership name, was authorized to transfer the rights of the other partners. Even if the evidence of the expert, Martine, which was excepted to, was, under the authority of the *McGean Case,* 117 N. Y. 219, 22 N. E. Rep. 957, improperly admitted, we fail to see that it affected the judgment of the justice in finally disposing of the case. We do not think that any error was committed by the learned justice as to the amount of damages which have been sustained by the plaintiffs, either as to fee value or as to rental value, and the judgment below will therefore be affirmed, with costs and disbursements.

O'BRIEN, J., concurs in the result.