## American Advertising and Bill Posting Co. v. Hubert Flannigan, by his Next Friend,

1. NEGLIGENCE—*Duty of Owner or Occupant of Land to Trespasser—Exception as to Children.*—The general rule is that private owners or occupants of land are not required to keep their premises in a safe condition for the benefit of trespassers, or those who come upon them without their invitation, either expressed or implied, merely to seek their own pleasure or gratify their own curiosity. An exception exists as to children; although a child of tender years who meets with an injury upon the premises of a private owner may be a technical trespasser, yet the owner may be liable if the things causing the injury have been left exposed and unguarded, and are of such character as to be attractive to the child, appealing to his childish curiosity and instinct.

2. SAME—*What is Not, by Lessee of Land Toward Children.*—A lessee of premises, who burned paper thereon, leaving the ashes with hot embers underneath, into which a child at play on the lot fell and was burned, there being nothing attractive on the lot, is not guilty of negligence.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. ARBA N. WATERMAN, Judge, presiding. Heard in this court at the October term, 1901. Reversed. Opinion filed March 6, 1902.

F. J. CANTY and J. A. BLOOMINGSTON, attorneys for appellant.

No appearance by appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant was the lessee of a certain triangular vacant piece of ground or lot, bounded by Larrabee, Crosby and Oak streets, in the city of Chicago. It was, as its name indicates, engaged in the bill posting business. On the Larrabee street side of the premises, and about a foot and a

Am. Advertising & Bill Posting Co. v. Flannigan.

half back from that street, it had erected a bill-board about seventy-five feet in length and twelve feet in height. When bills were removed from its bill-boards to be replaced by others, it destroyed them by burning them in the lot. This occurred once or twice a week. August 10, 1897, appellant's employes had burned some removed bills in the lot, in the usual way. The paper bills had been consumed, and there remained a pile black on top with hot ashes or embers underneath. While the remains of the consumed paper were in this condition, appellee, a boy about nine years of age, went to the lot with another boy to play. They were playing horse, as appellee testified, which he explained by saying that he was acting horse and the other boy driver. There was an incline from the edge of the lot downward toward the centre, and appellee, in running up the incline, accidently fell into the pile of hot ashes or embers, and was injured, but not seriously or permanently. There was nothing attractive to children in the lot. Appellee, himself, testified that he was not attracted to the lot by anything in it, but merely went there to play.

The jury found for appellee and assessed his damages at the sum of $100, and judgment was rendered on the verdict.

No brief or argument has been filed for appellee.

In City of Pekin v. McMahon, 154 Ill. 141, the general rule and the exception thereto are thus stated:

" The general rule is well settled that the private owner or occupant of land is under no obligation to strangers to place guards around excavations upon his land. The law does not require him to keep his premises in a safe condition for the benefit of trespassers, or those who come upon them without invitation, either expressed or implied, and merely to seek their own pleasure or to gratify their own curiosity. An exception, however, to this general rule exists in behalf of children. Although a child of tender years who meets with an injury upon the premises of a private owner, may be a technical trespasser, yet the owner may be liable if the things causing the injury have been left exposed and unguarded, and are of such a character as to be an attraction to the child, appealing to his childish curiosity and instinct."

See, also, the following cases : Hargreaves v. Deacon, 25 Mich. 1, 5; Smith v. Jacob Dold Packing Co., 82 Mo. App. 9; Erickson v. Gt. N. Ry. Co., 82 Minn. 60; McDonald v. Union Pac. Ry. Co., 35 Fed. Rep. 38.

The last three cases are similar in their facts to the present case.

The appellant was not guilty of actionable negligence, and the judgment will be reversed.