(134 App. Div. 493.)

### KLEINBERG v. SCHWEEN et al.

(Supreme Court, Appellate Division, First Department. November 12, 1909.)

1. NEGLIGENCE (§ 33*)—EXCAVATION ON LAND—DUTY TO FENCE.

Where the owner of land maintains an excavation upon the land, the adjacent premises not being a highway, or a place habitually and notoriously used by the public as a way of passage, the owner need not fence the excavation for the protection of persons not lawfully upon his land.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 45; Dec. Dig. § 33.*]

2. NEGLIGENCE (§ 34*)—EXCAVATION ON LAND—DUTY TO FENCE—EXCEPTION TO RULE.

Defendant maintained upon his land an unguarded opening or areaway, which extended to and abutted upon adjoining land which belonged to another; and plaintiff, being lawfully upon the adjoining premises, in the nighttime, fell into the areaway. Held, that. plaintiff could not recover on the theory of the maintenance by defendant upon his land of a structure which, by its operation or its fall, causes injury to a person upon adjoining land, as the plaintiff was in perfect safety as long as he remained upon the adjoining land.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 48; Dec. Dig. § 34.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.3. NEGLIGENCE (§§ 32, 33*)—DUTY TO FENCE LAND—COMMON-LAW RULE.

Under the common law the owner of land was not bound to fence his land, or in any way mark the boundaries of his possession; nor was he under any obligation to make his land safe, or to keep it in any particular condition for the benefit of trespassers, intruders, mere volunteers, or bare licensees, coming upon it without his invitation, express or implied.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–47; Dec. Dig. §§ 32, 33.*]

Laughlin, J., dissenting.

Appeal from Special Term, New York County.

Action by Louis Kleinberg against John Schween, impleaded with Samuel Levin. From an order denying defendant Schween's motion for judgment upon the pleading, he appeals. Reversed, and motion granted.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Bertrand L. Pettigrew, for appellant.

Alfred Steckler, for respondent.

SCOTT, J. The defendant John Schween appeals from an order denying his motion for a judgment upon the pleadings dismissing the complaint as to him. The complaint shows that the appellant, being the owner of a lot of land in the city of New York, erected thereon a house, and constructed in the rear of said house, and adjacent thereto, on his own lot, an opening or areaway about 12 feet deep, 25 feet long, and 3 feet wide. This opening or areaway extended to and abutted upon an adjoining lot, which belonged to another owner. After the building and areaway had been thus constructed the appellant leased the premises and building to one Samuel Levin, who entered into possession thereof, and was so in the possession when the plaintiff suffered the injury for which he sues. The plaintiff, being lawfully upon the adjoining premises, in the nighttime, fell into the areaway, and suffered certain injuries.

It is alleged that the appellant, while in possession of the premises prior to the lease to Levin, and both the appellant and said Levin since the lease, have failed and omitted to maintain a guard or rail to protect said area, and to prevent persons upon the adjoining property from falling into it, and have also failed and omitted to put proper lights, warnings, and safeguards to warn persons lawfully upon the adjoining premises of the existence of said area or opening. It is not alleged that the adjoining lot, from which plaintiff fell, was a highway or a public place, or an alleyway or other place generally used for the purpose of passing, or to which the public were in any way invited; nor is it alleged that the lateral support of the adjoining lot was in any way interfered with. Although the complaint freely characterizes appellant's areaway as a trap and a nuisance, the facts stated do not justify the conclusion that it was either, or anything else than a perfectly lawful excavation, which appellant was entitled to make and maintain upon his own land.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The question in this case is, therefore, a very simple one. It is whether or not the appellant, having constructed and maintained a lawful excavation upon his own land, is bound to fence or guard it for the protection of persons upon adjacent premises, not a highway or a place habitually and notoriously used by the public as a way of passage. It is well settled that he owes no such duty. The owner of land may make an excavation upon his premises, and is not bound to fence it for the protection of persons not lawfully upon his land. This is the general rule, and rests upon the right of the owner to use his land as he pleases. Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175. The apparent exception to the rule, which relates to excavations adjacent to or near the highway, has no application to the case made by the complaint in this action.

Nor does the complaint present the case of the maintenance by the owner upon his own land of a structure which by its operation or its fall causes injury to a person upon adjoining land. The plaintiff in the present case was in perfect safety so long as he remained upon the adjoining land. It was only when he crossed the boundary line between that land and plaintiff's land that he fell into danger. Doubtless such crossing was inadvertent. But the owner of land is not bound by the common law to fence his land, or in any way mark the boundaries of his possession (Beck v. Carter, supra) ; nor is he under any obligation to make his land safe, or to keep it in any particular condition for the benefit of trespassers, intruders, mere volunteers, or bare licensees, coming upon it without his invitation, express or implied. Birch v. City of N. Y., 190 N. Y. 397–403, 83 N. E. 51, 18 L. R. A. (N. S.) 595. In no view of the facts as set forth in the complaint did the appellant owe plaintiff any duty to fence or guard the areaway. Consequently plaintiff cannot recover a judgment for damages.

The motion should have been granted, and the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except LAUGHLIN, J., who dissents.