## MIDDLETON v. REUTLER.

(Supreme Court, Appellate Division, First Department. December 30, 1910.)

1. NEGLIGENCE (§ 32*)—LANDOWNERS—LICENSEE—DUTY.
   Where a boy enters land under the control of another, he is a licensee; and the landowner is under no duty to use vigilance for his protection.
   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. § 32.*]

2. NEGLIGENCE (§ 32*)—LANDOWNERS—LICENSEES—INVITATION.
   The fact that land is not inclosed is no invitation to enter, since at common law the owner of land was not obliged to fence it.
   [Ed. Note.—For other cases, see Negligence, Dec. Dig. § 32.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. NEGLIGENCE (§ 39*)—ATTRACTIVE NUISANCES.**

The owner of a building in process of erection is not liable for injuries to a child, caused by the fall of a pile of lumber piled on an adjoining lot, on the theory of an attractive nuisance, where the child was a trespasser, and there was no evidence that such owner had anything to do with the piling of the lumber.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 55; Dec. Dig. § 39.*]

Appeal from Trial Term, New York County.

Action by Grant E. Middleton, an infant, by his guardian, against Dorothea Reutler. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and LAUGHLIN, MILLER, McLAUGHLIN, and DOWLING, JJ.

George W. Alger, for appellant.
William D. Reed, for respondent.

McLAUGHLIN, J. The plaintiff, about nine years of age, sustained personal injuries by a pile of lumber falling upon him. The lumber was piled upon a vacant, uninclosed lot adjacent to a lot upon which the defendant was erecting a building. The action was brought to recover the damages sustained by the plaintiff, on the theory that the defendant had permitted children to play upon the lot and that the lumber was negligently piled. At the trial, at the close of plaintiff's case, a motion was made to dismiss the complaint, which was denied, and thereupon the defendant rested, without offering any evidence. The case was sent to the jury, with instructions that if children were accustomed to go upon the lot, and the lumber was insecurely piled, and by reason of that fact fell upon the plaintiff, without fault on his part, then they might find a verdict in his favor. He had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant appeals.

The defendant's motion to dismiss the complaint should have been granted. The record is barren of any evidence as to who piled the lumber, or that it was negligently piled. There is not a suggestion that the defendant was in any way connected with the piling of it; in fact, the only evidence connecting her with it at all is a statement by the plaintiff's mother to the effect that the defendant called upon her, subsequent to the injury, and told her she had a right to put the lumber on the lot, and that the plaintiff had no right to go there. Nor was there anything to show that the defendant, or any one representing her, knew that the plaintiff was accustomed to go upon the lot. The plaintiff, at most, giving to the testimony offered on his behalf the most favorable inferences to be drawn from it, was a mere licensee upon a lot which was under the control of the defendant. As to him, therefore, there was imposed upon her no active duty of vigilance for his protection. This rule is stated in Thompson on Negligence, vol.

1, § 945, cited with approval in Birch v. City of New York, 190 N. Y. 397, 83 N. E. 51, 18 L. R. A. (N. S.) 595, as follows:

"The owner or occupier of real property is under no obligation to make it safe, or to keep it in any particular condition, for the benefit of trespassers, intruders, mere volunteers, or bare licensees coming upon it without his invitation, express or implied."

The fact that the lot was not inclosed was not an invitation to enter. The owner of land is not bound by common law to fence his land (Beck v. Carter, 68 N. Y. 283, 23 Am. Rep. 175); nor is he under any obligation to make the same safe, or keep it in any particular condition, for the benefit of trespassers, bare licensees, or persons going upon it without his invitation, express or implied (Kleinberg v. Schween, 134 App. Div. 493, 119 N. Y. Supp. 239; Racine v. Norris, 136 App. Div. 467, 121 N. Y. Supp. 146).

The case cannot be brought within the principle of the so-called turntable cases, or attractive nuisance. Walsh v. Fitchburg R. Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am. St. Rep. 615; Albert v. City of New York, 75 App. Div. 553, 78 N. Y. Supp. 355; Powers v. Oswego Bridge Co., 97 App. Div. 477, 89 N. Y. Supp. 1030. And the same rule obtains in other jurisdictions. Galligan v. Metacomet Mfg. Co., 143 Mass. 527, 10 N. E. 171; Venderbeck v. Hendry, 34 N. J. Law, 467; Kelly v. Benas, 217 Mo. 1, 116 S. W. 557, 20 L. R. A. (N. S.) 903; Frost v. Eastern R. R. Co., 64 N. H. 220, 9 Atl. 790, 10 Am. St. Rep. 396.

The judgment and order appealed from are therefore reversed, and a new trial ordered, with costs to appellant to abide event. All concur.