WILLIAM SLAVITZ, as Administrator of the Estate of
FIORENTINO SCARAMUZZA, Deceased, Plaintiff, v. MOR-
RIS PARK ESTATES et al., Defendants.

(Supreme Court, New York Special Term, January, 1917.)

Nuisance — liability for — when owner not liable for continuance of —
pleading — highways — actions — when demurrer to complaint sus-
tained.

Where in an action for causing death by a wrongful act it
appears that plaintiff's intestate, a child of tender years, died
in consequence of burns received by an explosion of gas or
noxious vapors contained in a pit near a public highway into
which she had fallen and that the primary cause of death was
the failure to cover or guard the pit, one of the defendants
whose grantee, the other defendant, was in possession and con-
trol of the premises at the time of the accident is not liable.

Where from the complaint it is not apparent that the gas
and noxious vapors contained in the pit could occasion injury
to persons using the highway or to any except those who went
upon the premises and fell into the pit, and there is no allega-
tion that it was so near as to be a menace to persons who by
reason of slight deviations from the highway might, using
ordinary care, accidentally fall in, it must be *held* upon de-
murrer that the pit was not *per se* a nuisance.

There being no allegation which would bring the case within
the rule that a grantor is not liable for the continuation of a
nuisance after alienation except where after parting with the
property he continued to derive some benefit from the nuisance,
having sold the warranty of the continued use of the property
as enjoyed while the nuisance existed, a demurrer to the com-
plaint should be sustained, with leave to amend.

ACTION for causing death by negligence.

Demurrer by the defendant Morris Park Estates to
the complaint on the ground that it does not state facts
sufficient to constitute a cause of action.

Sullivan & Cromwell, for defendant Morris Park Estates and demurrer.

Charles I. Engel, for plaintiff, opposed.

GIEGERICH, J. The liability of the demurrant, the defendant Morris Park Estates, is sought to be sustained upon the theory that having created the nuisance it is answerable for its continuance after having parted with the possession of the land. The allegations of the complaint, however, liberally construed, do not state a nuisance. It is clear from the averments of the complaint that the primary cause of the accident was the failure to cover or guard the pit into which the deceased fell and received burns from an explosion of gas or noxious vapors contained in the pit thereby causing his death, and this happened while the demurrant's grantee was in possession and control of the premises. There is no allegation that the pit was so located that the gas and noxious vapors contained therein were diffused over the surrounding neighborhood so as to endanger the lives of persons using the highway or living in the neighborhood, or that they threatened injury to adjoining property. The only connection that the presence of gas and noxious vapors within the pit has with the alleged accident is that the deceased fell therein and was injured as above stated. It is not apparent, therefore, that the gas and noxious vapors contained in the pit could occasion injury to persons using the highway or indeed to any one except to those who went upon the premises and fell into the pit. The complaint does not allege that the deceased was using the highway at the time of the accident nor that he fell into the pit from the highway. Neither does it allege that the pit was in close proximity to the highway. It merely states that it was

'' near a public highway,'' but it fails to allege that it was so near as to be a menace to persons who by reason of slight deviations from the highway might, even while using ordinary care, accidentally fall into the pit. *Murphy* v. *City of Brooklyn,* 98 N. Y. 642; 118 id. 575; *Bond* v. *Smith,* 113 id. 378; *Greene* v. *Linton,* 7 Misc. Rep. 272; *Kleinberg* v. *Schween,* 134 App. Div. 493. In the absence of allegations of the latter character, it must be held that the pit was not in itself a nuisance. As already stated, the accident was due to the failure to cover or guard the pit while the demurrant's grantee was in possession of the premises, and it appears from the complaint that when it happened the demurrant had been out of possession and control of the same for four and a half months. When the accident happened the demurrant no longer had any control over the property and it had no authority to enter the same for the purpose of inclosing the pit or to alter its condition, even if it desired to do so, or for any purpose whatever. It could no longer control the entrance of persons upon the property, nor was it able to give any protection to persons to whom the owner at the time of the accident had given either express or implied permission to enter the premises, nor was it then under any legal obligation to do so. The complaint alleges that the deceased was at the time of the accident an infant of tender years and also that children were accustomed to play on the premises with the consent of the defendant. Such a consent, so far as the demurrant is concerned, was revoked by its conveyance of the land to the defendant Schilling. *Eggleston* v. *New York & H. R. Co.,* 35 Barb 162; *Eckerson* v. *Crippen,* 110 N. Y. 585; *White* v. *Manhattan R. Co.,* 18 N. Y. Supp. 396; 18 Am. & Eng. Ency. of Law (2d ed.), 1141. If a consent of the character claimed by the plaintiff was in force at the time of the accident, it obviously could be given only

Misc.]            Supreme Court, January, 1917.

by the then owner of the property, and therefore whatever duty of protection arose from such consent fell on him. The demurrant clearly owed no duty to protect those whom such owner had invited to come on his land. There was thus no connection between the demurrant and the accident. Under the circumstances disclosed the demurrant cannot be held liable for the accident. In *Blunt* v. *Aikin,* 15. Wend. 522, it was held that the defendant was not liable for the damage caused by the erection of a dam, sustained after he had left the premises and others had taken possession. In *Mayor* v. *Cunliff,* 2 N. Y. 165, Strong, J. (at p. 180), said: " The reason why an action cannot be sustained in such a case is that there is no connection between the wrong done and the person whom it is sought to charge for the consequences. The wrongdoer has not at the time any control over the subject matter, or any power or right to remedy the evil. The damage in all such cases arises in fact from the continued use of the defective subject, and with that the builder who has parted with the title, possession and control of it, has not and cannot have anything to do. The entire agency is at the time in the existing proprietors by whom or through whose means the wrong is perpetrated." The doctrine of the last cited case was followed and applied in *Hause* v. *Cowing,* 1 Lans. 288, and I have been unable to find any case where the precise question involved has been decided since that. The plaintiff relies on *Conhocton Stone R.* v. *Buffalo, N. Y. & E. R. R. Co.,* 51 N. Y. 573, which contains a dictum to the effect that the original wrongdoer, notwithstanding alienation, remains liable for the damages occasioned by the continuance of the nuisance subsequent to the conveyance. It should be noted, however, that the case was not an action against the grantor, but an action against the grantee, and the pre-

cise question which the court had before it to decide was the responsibility of the grantee. As it did not appear that the grantee had notice of the existence of the nuisance, the court decided that he was not responsible for an injury suffered by a third person. The dictum that the grantor would be responsible, notwithstanding alienation, is based upon the case of *Waggoner* v. *Jermaine,* 3 Den. 306, but in that case the defendant, who erected the nuisance, conveyed the premises to another, with covenants of quiet enjoyment and the right to flow as far as had been theretofore necessary for the use of the mills on the premises by the dam thereon at its then height, and it was held that such covenants were a clear affirmance of the nuisance. It should be noted that it is not even intimated in the case just cited that the grantor is liable *for the continuation of a nuisance after alienation* except where, after parting with the property, he continued to derive some benefit from the nuisance, having sold the warranty of the continued use of the property as enjoyed while the nuisance existed. As above stated, the facts alleged in the complaint fail to show that the pit in question was in itself a nuisance; but, even if I am in error and the pit was, as a matter of law, a nuisance, there is no allegation in the complaint which would bring the case within the rule last above stated. My conclusion is that the complaint does not, as against the defendant Morris Park Estates, state facts sufficient to constitute a cause of action. The demurrer should be sustained, with costs, but with leave to the plaintiff to amend within twenty days on payment of such costs.

**Demurrer sustained, with costs.**