JOHN CARLOW, an Infant, by MICHAEL F. CARLOW, His Guardian ad Litem, Appellant, *v.* JOHN A. MANNING PAPER COMPANY, Respondent. (Action No. 1.)

MICHAEL CARLOW, Appellant, *v.* JOHN A. MANNING PAPER COMPANY, Respondent. (Action No. 2.)

Third Department, July 1, 1927.

**Nuisances — what constitutes — actions based on injuries suffered by infant plaintiff in refuse dump — place was not near public street — infant was trespasser — place was not nuisance.**

These actions arise out of injuries suffered by the infant plaintiff in a refuse dump maintained by the. defendant, and the theory of the actions is that the dump constituted a nuisance. It appears that the refuse dump was a considerable distance from any public street or highway, was on private property, and that the infant plaintiff at the time of the accident was a trespasser on the property. Under the circumstances, it cannot be held that the dump constituted a nuisance and the defendant cannot be held liable on that theory.

The complaint should have been dismissed on defendant's motion, but since the defendant did not appeal from the refusal to dismiss the complaint and was satisfied with the order setting aside the verdicts and granting a new trial, the action of the trial court must be affirmed.

APPEAL by the plaintiff in each of the above-entitled actions from an order of the Supreme Court, made at the Albany Trial Term and entered in the office of the clerk of the county of Albany on the 29th day of July, 1925, setting aside the verdict of a jury in each action in favor of the defendant.

*Dugan & Bookstein* [*Daniel J. Dugan, Isadore Bookstein* and *Avrom M. Jacobs* of counsel], for the appellants.

*Frank H. Deal,* for the respondent.

WHITMYER, J.    The complaints alleged a nuisance and the infant plaintiff's action was to recover damages for personal injuries sustained as the result, while his father's action was to recover for loss of the infant's services and for medical expenses.    In the former the verdict was for $2,500, in the latter $1,000.    When plaintiffs rested and again when the evidence was in, defendant moved for a nonsuit and dismissal.    Decision was reserved.    When the verdicts were rendered, defendant moved to set each aside and for a new trial on the ground that they were contrary to law and to the evidence.    The court denied the motion for a nonsuit and dismissal and granted the one to set aside and for a new trial. Defendant has not appealed.    Plaintiffs allege, in their complaints, that the infant plaintiff, on September 26, 1922, when about four years old and while attempting to reach the east bank of the State basin of the Mohawk river, in the village of Green Island, N. Y., in the exercise of due care and without apprehension of danger, became submerged in a mass of refuse and waste matter, from defendant's paper manufacturing plant, which contained dangerous properties likely to produce great heat and to cause harm to life and limb, and that defendant, knowing the dangers and the harm likely to result, dumped or caused such refuse and waste to be dumped upon a tract of land, skirting the east bank of said basin, without taking any measures to neutralize and destroy such dangerous properties and without giving any notice or warning to the public or to any person having occasion to be in the vicinity of the dangerous situation, and that the condition there constituted a nuisance.    And they allege that the infant plaintiff sustained serious burns as a result.    After a general denial, defendant sets up the defense of contributory negligence on the part of the infant, negligence of a third person, for which defendant was not liable, and negligence of the person in whose custody the infant was.    The

cases were tried and submitted on the theory of nuisance. On the trial plaintiffs presented evidence that the refuse, consisting of small pieces of rope hemp, with particles of dust, was lighted by defendant or its servants, after it was dumped in the pile, and was of such a nature that the fire smouldered underneath, while the surface did not indicate that it was smouldering or burning. That was a change from the complaints, which alleged, in effect, that the substance was of such a nature that it was likely to burn spontaneously. So that the trial justice concluded that the question of negligence, growing out of the responsibility of the person or persons who lighted it, or the responsibility of those for whom he or they acted, was involved and, accordingly, set the verdicts aside to permit an enlargement of the complaints, if desired, so as to embrace the charge of negligence.

The refuse was carried in cans from defendant's plant and dumped by one Belden, and he testified that he always set the fire, if one was set. Defendant claimed that Belden was an independent contractor, but the jury found otherwise. The cans were dumped in a hole, about thirty feet long by twenty feet wide, in the east bank of the Mohawk basin, extending from the water's edge to a point not nearer than five feet to a path on the top of the bank. It was on property belonging to the Tibbitts estate. Both the infant and Belden were trespassers on the property. Apparently, gravel had been removed from the hole in the past. It was about three hundred and thirty-two feet from the north line of Arch street and two hundred and fifty to three hundred feet from the nearest street, in open country of uneven surface and without buildings, and a well-beaten footpath, about fifteen inches wide, followed the east water line of the basin from ten to thirty feet from such line. Baseball was played in the open space and residents of the vicinity used the path for evening walks during the summer. It had been used for many years. The place was about half a mile from the boy's home. He was there with another little boy. They were unattended. He had been near a boat at the water's edge of the basin. He was not crying then and did not cry, until he was coming up the bank. He was not walking along the path when injured.

The land where the refuse was dumped belonged to the Tibbitts estate. The place was a hole in the east bank of the Mohawk basin, about 300 feet from the nearest street, and not upon a street or so near a street that a traveler or pedestrian would be likely to be injured by coming in contact with it. The path which skirted the bank of the basin was not a street and the public did not have

27

a right of way over it. And the boy was injured, not on the path, but while he was going from the water's edge up the bank toward it. If he had been on the path he would have been safe. I fail to see a nuisance and think that the complaint should have been dismissed. But defendant did not appeal from the refusal to dismiss and was satisfied with the order setting aside the verdicts and for a new trial. In that situation, it will be necessary to affirm. Whether or not a cause of action for negligence may exist is not a question here.

COCHRANE, P. J., VAN KIRK, HINMAN and McCANN, JJ.. concur.

Orders affirmed, with costs.