the other injuries suffered by appellant are of such a character that the reduction of the verdict to $2,000 was too drastic. Appeal from order dated April 9, 1940, dismissed, without costs. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

EUGENE ZAIA, an Infant, by JOHN J. ZAIA, His Guardian ad Litem, and JOHN J. ZAIA, Respondents, v. LALEX REALTY CORPORATION, Appellant, and Others, Defendants.— Action by infant-plaintiff to recover damages for personal injuries and by his father for expenses and loss of services. The infant, five and a half years old, was severely burned when he fell into a smoldering fire which had been built by appellant's employee on its own property and in the rear of buildings then being constructed by appellant. Judgment in favor of plaintiffs reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. The evidence shows that the infant was a trespasser, or at most a bare licensee and, therefore, the only duty which appellant owed to him was to abstain from affirmative acts of negligence or not intentionally to injure him. (*Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110; *Mendelowitz* v. *Neisner*, 258 id. 181.) There is no proof that the injuries sustained by the infant were the result of any affirmative act of negligence or of willful negligence on the part of the defendant. Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ., concur.

## THIRD DEPARTMENT, JANUARY, 1941.

### (January 6, 1941.)

WARREN H. MEREDITH, JR., Appellant, v. FIRST TRUST COMPANY OF ALBANY, Respondent.— Motion to dismiss appeal denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ. [See *post*, p. 864.]

### (January 8, 1941.)

In the Matter of the Application of BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, for an Order under Article 78 of the Civil Practice Act to Review the Decisions of ERNEST E. COLE, as Commissioner of Education of the State of New York, Respondent, Directing the BOARD OF EDUCATION OF THE CITY OF NEW YORK to Fill the Vacancy in the Position of Chief Attendance Officer and to Appoint to the Said Position FRANK A. CRAIG, Respondent.