CHARLES EASON, an Infant, by EDWARD C. EASON, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30008.)

EDWARD C. EASON, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30009.)

Court of Claims, May 16, 1951.

*Laurence V. Benedict* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Edward R. Murphy* of counsel), for defendant.

LOUNSBERRY, P. J. Just before they intersect near Mariaville, New York, State Highway Routes 159 and 407 are connected by a short curving spur, which is also a State highway. To the west of this spur, the State highway maintenance crew was in the habit of dumping and burning grass and other trimmings from the shoulders of the nearby highways.

On July 19 and 20, 1948, the highway crew dumped altogether three loads of dry cuttings at this spot forming a pile some fifteen to twenty feet long, six to eight feet wide and six to eight feet high. It was located in an open area some twenty to twenty-five feet west of the highway pavement, apparently just beyond the twenty-one foot shoulder. Whether it was on State-owned or private land does not clearly appear.

On the afternoon of July 20th, the highway crew set fire to this pile and remained there for an hour or two, tending the fire until the pile had been reduced to a heap of smoldering, smoking ashes. The crew then departed. The pile continued to smoke all night and was still smoking to some extent the next morning.

At about noon the next day, July 21st, the claimant, Charles Eason, aged eleven, and two other boys came riding along the spur on their bicycles, returning home from the nearby school yard where they had been playing. The claimant turned sharply across the road, rode into the pile and in some manner fell into it. Flames shot up, and he was severely burned.

The boy was not wholly normal. He attended a special school, doing chiefly vocational work, and, at of age thirteen, was still using a second grade reader. His father described him as a difficult child, who wanted his own way, was continuously getting into things and was an aggravator. Other than this, there is no evidence from which his mental age and capacity can be ascertained. On the witness stand he appeared to be alert and was normal in his responses.

The boy's motive in riding into the ashes is not clear. There is some indication that he acted on a dare from one of the other boys, but the evidence is inconclusive. There seems at least no doubt that the act was deliberate and intentional. It is also not clear whether at that time the pile was still smoking. The boy first testified that it was, and later that is was not, and he also said that he thought it was out. This at least leaves no doubt that he recognized it as a pile of ashes from a recent fire. Indeed, since this was at least the tenth time that year that the highway crew had built a fire in that location, it would be reasonable to infer that he had observed the procedure previously.

On this state of facts, we are asked to find that the State was negligent in leaving the smoldering bed of ashes unextinguished and unattended. In order to do so, we must, of course, find that this behavior constituted negligence toward some person or class of persons to whom harm or danger might reasonably be anticipated, since negligence cannot exist in a vacuum. In this case, the State's action could not be considered negligence toward persons making normal use of the highway, since they would have no occasion to deviate so far from the pavement. Even if deviation arose through some necessity, the pile of ashes would be unlikely to damage a motor vehicle which might run into it. It might conceivably cause difficulty to one operating a bicycle,

as indeed it did, but, in the present case, the deviation was not by reason of necessity. It could have constituted negligence toward an adjoining property owner by reason of possible spread of fire, but no such event occurred. It could not reasonably be deemed negligence toward adult pedestrians, for even if they legitimately left the traveled way they would have no sensible reason for walking through the pile of ashes, there being plenty of open space on all sides of it.

The only conceivable negligence, therefore, which would be here applicable, would be toward children, who, because of their immaturity, might be attracted to the pile and, not appreciating the danger, fall into it. This involved, necessarily, an excursion into the doctrine of attractive nuisance, which, as stated in the extensive annotation on the subject (36 A. L. R. 34, 38, supplemented in 39 A. L. R. 486, 45 A. L. R. 982, 53 A. L. R. 1344, and 60 A. L. R. 1444), is that " one who has that on his own premises, or who creates a condition on the premises of another, or in a public place, which may reasonably be apprehended to be a source of danger to children, is under a duty to take such precautions as a reasonably prudent person would take to prevent injury to children of tender years whom he knows to be accustomed to resort there, or who may, by reason of something there which may be expected to attract them, come there to play.''

This doctrine has been the occasion of a very marked difference of judicial opinion, both as to its recognition and as to its applicability. Many States recognize it, although their tendency has been to restrict rather than to enlarge its scope. New York disclaims it (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110) but nevertheless in some cases has applied something very similar. Thus in *Earl* v. *Crouch* (57 Hun 586, opinion in 10 N. Y. S. 882; 61 Hun 624, opinion in 16 N. Y. S. 770, affd. 131 N. Y. 613) the defendant was held liable for injury to a small child who played on lumber which defendant had piled along the street, and a like result was reached in *Ramsey* v. *National Contr. Co.* (49 App. Div. 11), involving a pile of iron rails in the street, and in *Jonasch* v. *Standard Gas-Light Co.* (24 Jones & Sp. 447, affd. 117 N. Y. 641) involving a derrick left unfastened in the street. The decision in *Robertson* v. *Rockland Light & Power Co.* (187 App. Div. 720) implied that having steps on an electric line pole near a boys' school might result in liability for injury to one of them who climbed it and received a shock, and *Lee* v. *Van Buren & N. Y.*

*Bill Posting Co.* (190 App. Div. 742) implied the same possibility where an electric car, upon which children were known to play, was left with the switch on so that it might easily be started up by a child.

On the other hand, many New York cases have denied liability where a child, either a trespasser or a bare licensee, was injured by some device or condition on the defendant's premises. Among these are *Walsh* v. *Fitchburg R. R. Co.* (*supra*) (railroad turntable); *Morse* v. *Buffalo Tank Corp.* (*supra*) (gasoline drip can); *Middleton* v. *Reutler* (141 App. Div. 517) (lumber pile, off street); *Carbone* v. *Mackchil Realty Corp.* (296 N. Y. 154) (foundation walls of demolished building); *Greene* v. *Linton* (7 Misc. 272) (unguarded cesspool); and *Jaffy* v. *New York Central & H. R. R. R. Co.* (118 Misc. 147) (private reservoir). So, too, the United States Supreme Court found no liability where children were fatally poisoned by swimming in an abandoned cellar filled, to defendant's knowledge, with water in which acid was invisibly mixed. (*United Zinc & Chemical Co.* v. *Van Britt*, 258 U. S. 268, 275.) " Infants ", the court said, " have no greater right to go upon other peoples' land than adults * * * it may be held that knowingly to establish and expose, unfenced, to children of an age when they follow a bait as mechanically as a fish, something that is certain to attract them, has the legal effect of an invitation to them although not to an adult. But the principle if accepted must be very cautiously applied."

Our conclusion, which is supported by the opinion in *Tierney* v. *New York Dugan Bros.* (288 N. Y. 16), is that in New York the doctrine, when applied, is applied almost exclusively to dangerous attractions in the highway; the same attraction off the highway does not impose liability. Even close proximity to the highway does not result in liability (*Keenan* v. *Lawyers Mtge. Co.*, 254 App. Div. 348, affd. 280 N. Y. 525). On the basis of this conclusion the infant claimant in the present case cannot succeed.

We doubt, in fact, that he would succeed even in jurisdictions which give full effect to the doctrine of attractive nuisance. It is by no means clear that the claimant was too young in fact, if not in years, to appreciate the danger involved in his course. His only definite deficiency was in reading ability, which proves very little concerning his knowledge and appreciation of the dangers of fire. There was, further, no evidence that children were accustomed to play in the vicinity of the fire. Too, it is debatable whether the pile of ashes constituted an attraction

to children comparable with that of such objects as a blazing fire, a pile of lumber, a junk heap, a pool of water, or a piece of machinery. These are all important elements in determining liability, under the doctrine.

Finally, the fire cases are almost uniformly adverse to the claimant. In *Zaia* v. *Lalex Realty Corp.* (261 App. Div. 843, affd. 287 N. Y. 689), children were in the habit of playing about a vacant lot at the rear of premises where defendant was erecting houses. Each day for a month defendant's watchman had burned debris on the lot. A child aged between five and six years fell into the smoldering remains. The court found no liability. In *Coleman* v. *Graves Co.* (39 Misc. 85, affd. 97 App. Div. 411) defendant was burning rubbish on its vacant lot, where children played, and a nine-year-old girl was burned while poking in embers. The court likewise found no liability. The result was the same in *Carlow* v. *Manning Paper Co.* (221 App. Div. 415) where a four-year-old child strayed off a private path into a smoldering refuse dump. *Specht* v. *Waterbury Co.* (70 Misc. 404, affd. 144 App. Div. 938), is clearly distinguishable. Like decisions were made in *Smith* v. *Dold Packing Co.* (82 Mo. App. 9); *Fitzmaurice* v. *Connecticut Ry. & Lighting Co.* (78 Conn. 406); *American Advertising & Bill Posting Co.* v. *Flannigan* (100 Ill. App. 452); *Erickson* v. *Great Northern Ry. Co.* (82 Minn. 60), and in *Paolino* v. *McKendall* (24 R. I. 432).

In the light of all the foregoing considerations, we have reached the conclusion that the claimant has failed to prove a cause of action against the State and has also failed to prove his own freedom from contributory negligence. His claim, together with the companion claim of his father for expenses and loss of services, must therefore be dismissed.

Findings of fact and conclusions of law in accordance with the above opinion may be submitted within fifteen days from the date thereof, otherwise this memorandum will be considered the decision herein.

Let judgment be entered accordingly.