Charles A. Loreto, J.
When the infant was five years of age he suffered an extremely bad burn to the entire palmar surface of his right hand leaving serious permanent effects. Suit to recover damages for this injury has been brought against the owner of the tenement building where he then resided with his parents. Incidentally, no derivative action for medical expenses or loss of earnings has been instituted.
They resided in a basement apartment. As superintendent engaged by the defendant, among other duties, the boy’s father took care of the coal furnace in the basement. It was his practice after shaking the furnace grates to draw the hot ashes and coal that would fall out in front of the furnace, in an area below the level of the surrounding floor of the boiler room, which is referred to as a pit.
*755 The hoy’s mother testified that she too at times tended to the furnace in the manner mentioned and that this practice had been requested by the defendant’s agent in order to recover re-usable coal after the ashes had cooled off. Also she testified that it was necessary for the hot ashes to be cool before shovelling them into ash cans for removal from the furnace room.
The accident happened during the morning of November 29, 1956 while she had been away from her apartment. Her husband had been home with their children, including this boy. On her return about 10 o’clock in the morning, she found the boy screaming with pain because of his burnt hand and she quickly brought him to a hospital.
On the trial the boy then 11 years old, testified that in playing in the cellar and boiler room he slipped and fell on the hot ashes in the pit and was picked np by his father. His father did not appear at the trial to testify, nor was any explanation offered for his failure to appear and testify. No other witness testified as to what happened. The admission entry in the hospital record was at first excluded from admission upon the trial but after the interne who made it had taken the stand and testified to his complete lack of independent or refreshed memory of the boy and the entry made by him in his handwriting, it was received into evidence under the past recollection recorded rule. (See Bichardson, Evidence [8th ed.], § 481, p. 470; Fisch, New York Evidence, § 339, p. 199.) It recites that the small boy stated that on the morning of the occurrence “ he came into his kitchen at home and put his right hand in the stove while it was on ’ ’.
Thus one important question is whether the boy’s hand was burned because he slipped and fell upon hot ashes in the pit in the boiler room or whether it happened in a different manner. The court seriously doubts that it happened in the manner the boy testified, not only because of the hospital record entry and the absence of any testimony of his father but also because if the boy had fallen into any part of the hot ashes as he testified, in all probability his other hand would also have sustained some burn. Here no claim of injury to any other part of the boy’s anatomy is made except the serious deep burn of the entire palmar surface of one hand.
Even if the story as given at the trial were credited, another obstacle to the plaintiff’s case is the failure to show causal connection between the hot ashes in the pit and the injury sustained. Assuming the boy slipped or tripped and fell, what caused him to slip or trip has not been shown. Therefore this case in this posture would appear to be similar to Rivera v. City of New York *756 (11 N Y 2d 856, 857), where the Court of Appeals in reversing a judgment in favor of plaintiff, dismissed the complaint stating “ This court has consistently held that the negligence complained of must have caused the occurrence of the accident from which the injuries flow. (Storrs v. City of Utica, 17 N. Y. 104; Applebee v. State of New York, 308 N. Y. 502.) It is clear in the present case that the condition of the bathtub’s plumbing was not the proximate cause of the accident. The hot water created the specific injuries for which damages were sought and determined the gravity of the consequences resulting from the accident, but it did not cause the intervening act which was not foreseeable. (Ranney v. Habern Realty Corp., 281 App. Div. 278, affd. 306 N. Y. 820.) The accident was caused by the slipping of a wet boot while the child balanced on the curved edge of the bathtub. (Lefkowitz v. Greenwich Sav. Bank, 293 N. Y. 711.) ”
Even if it were found that the accident happened as claimed at the trial, the defendant contends that the boy was a trespasser when he entered the boiler room. The superintendent’s apartment was at one end of the basement. The boiler room was down a corridor on the opposite side at the other end of the basement some 40 feet away. Plaintiff and the other children of the superintendent would at times play in the corridor of the basement. His mother testified that on occasion when they entered the boiler room to play, she would chase them out. Also, she testified that the door to the boiler room had been off its hinges and on one side when the boy was hurt. The defendant’s agent testified that the door was not off its hinges as far as he knew but that it had not been kept locked. Whatever the position or state of the door, attractive nuisance is not the gravamen of the complaint. Negligence is charged in the practice of permitting hot ashes to remain in the furnace pit with foreseeable knowledge of the propensity of the superintendent’s children to play in the boiler room.
Under the facts of this case the evidence showed that the infant was a trespasser (at least in the boiler room), or at most a bare licensee. The only duty that the defendant owed him was to abstain from affirmative acts of negligence or not intentionally to harm him. There was absent any proof by plaintiff that the defendant was guilty of any affirmative acts of negligence or of willful negligence. (See Zaia v. Lalex Realty Corp., 261 App. Div. 843, affd. 287 N. Y. 689; Tymon v. M. L. S. Construction Co., 262 N. Y. 161; Sanders v. Rand Realty Corp., 241 App. Div. 408.)
Upon the proof in this case, the court finds that the plaintiff failed to sustain by the fair preponderance of the credible evidence that accident occurred according to his version given at *757 this trial, and also finds that plaintiff has failed to prove his right to enter the boiler room as an invitee. The defendant’s motion to dismiss the complaint on which the decision was reserved at ’the completion of the trial is granted. Judgment may be entered in favor of the defendant.